## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ID No.: 0311009491A** |
| v. | ) | |
| | ) | |
| **MICHAEL D. CHAMBERS,** | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: March 29, 2021
Decided: April 15, 2021

## ON DEFENDANT'S SEVENTH MOTION FOR POSTCONVICTION RELIEF: DENIED

This 15th day of April, 2021, upon consideration of Defendant's Seventh Motion for Postconviction Relief, it appears to the Court that:

1. On September 26, 2006, Michael D. Chambers ("Defendant") was found guilty of Possession of Cocaine with Intent to Distribute; Use of a Dwelling to Keep Controlled Substances; Possession of a Non-Narcotic Controlled Substance; and Possession of a Firearm During the Commission of a Felony.[1] Defendant was sentenced under 11 Del. C. §4214(a) as a habitual offender to 25 years at Level V with 3 years of decreasing supervision to follow.[2] Following his sentencing,

---

[1] *Chambers v. State*, 2008 WL 590897, at *1 (Del. Mar. 5, 2008) (TABLE).
[2] *Chambers v. State*, 2008 WL 590897, at *1-2 (Del. Mar. 5, 2008) (TABLE).

Defendant appealed this Court's denial of his motion for a new trial or judgment of acquittal to the Delaware Supreme Court. The Delaware Supreme Court affirmed the denial on March 5, 2008, finalizing his judgment of conviction.[3]

2. Defendant filed six previous motions for postconviction relief.[4] Each of Defendant's previous motions have been denied by this Court. Defendant has now filed a Seventh Motion for Postconviction Relief ("Motion"), claiming that as a result of his status as a Moorish American Native this Court has no jurisdiction over him or the crimes which occurred in Delaware for which he was convicted.

3. Defendant's Motion is controlled by Superior Court Criminal Rule 61.

4. Under Rule 61(i), a motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications. Defendant's instant motion is untimely and successive. If a procedural bar exists, the Court will not consider the merits of the postconviction claim unless the Defendant can show that, pursuant to Rule 61(i)(5), the procedural bars are inapplicable. Rule 61(i)(5) permits this Court to review an untimely claim challenging the Court's jurisdiction based on this Court's lack of jurisdiction. Defendant has alleged lack of jurisdiction so the claim is not barred.

---

[3] *Chambers v. State*, 2008 WL 590897, at *4 (Del. Mar. 5, 2008) (TABLE).
[4] D.I. 63, 71, 79, 97, 103, and 113.

5.     The burden is on the defendant to prove the Court's lack of jurisdiction.[5] Chambers' contention that this Court has no jurisdiction over him because of his alleged status as a Moorish American Native is groundless. This claim has been repeatedly rejected by Delaware Courts.[6] Defendant was tried and convicted of crimes that occurred in Delaware. The Superior Court has jurisdiction over defendants who are tried for crimes in Delaware.[7] This Court has jurisdiction over Mr. Chambers.

For the above reasons Defendant's Seventh Motion for Post Conviction Relief is DENIED.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge


cc:     Original to Prothonotary
        Investigative Services

---

[5] *Younger v. State*, 580 A.2d 552, 555 (Del. 1990).
[6] *Matter of Petition of Stroman-Ray*, 2016 WL 4491746 (Del. 2016); *Rodriguez v. State of Delaware*, 91 A.2d 3rd 562 (Del. 2014); *Brown v. State of Delaware*, 879 A.2d 602 (Del. 2005).
[7] *Id.*